## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN

| | |
|---|---|
| **JANE DUPERON,** | **COURT FILE NO.:** _____ |
| **Plaintiff,** | |
| **v** | **CLASS ACTION COMPLAINT** |
| **UHG1 LLC, UNITED HOLDINGS GROUP LLC, CRAIG MANSETH, JACOB ADAMO, DARREN TURCO DOBBERSTEIN LAW FIRM LLC & J. ADAM DOBBERSTEIN, MARK J DOBBERSTEIN AND RICHARD E. STUECKROTH** | **JURY TRIAL DEMANDED** |
| **Defendants.** | |

## INTRODUCTION

1.  In this case all the above-named Defendants deliberately filed and maintained an unsubstantiated undocumented frivolous collection lawsuit against Plaintiff in a distant forum more than 45 minutes' drive from the Plaintiff 's place of residence and/or the county where the alleged contract was signed.

2.  Despite Plaintiff hiring undersigned counsel to represent her in the underlying state court collection lawsuit, Defendants delayed in dismissing said action thereby intentionally increasing Plaintiff 's actual damages in defending that lawsuit in a state court distant forum before finally agreeing to voluntarily dismiss.

3.  Plaintiff alleges violations of the FDCPA, 15 U.S.C. § 1692 et seq., the Michigan

Regulation of Collection Practices Act, ("MRCPA") MCL 445.251 et seq. or alternatively the Michigan Occupation Code ("MOC"), MCL 339.901 et seq.

4.     The FDCPA broadly prohibits unfair or unconscionable collection methods, conduct which harasses or abuses any debtor, and the use of any false or deceptive statements in connection with debt collection attempts. 15 U.S.C. §§1692d, 1692e, 1692f.  It also requires Collectors to provide consumers with certain information. 15 U.S.C. §§1692g.

5.     In enacting the FDCPA, Congress found that: "[t]here is abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors. Abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy." 15 U.S.C. § 1692(a).

6.     Because of this, courts have held that "the FDCPA's legislative intent emphasizes the need to construe the statute broadly, so that we may protect consumers against debt collectors' harassing conduct." And that "[t]his intent cannot be underestimated." *Ramirez v. Apex Financial Management, LLC*, 567 F.Supp.2d 1035, 1042 (N.D.Ill. 2008).

7.     The FDCPA encourages consumers to act as "private attorneys general" to enforce the public policies and protect the civil rights expressed therein. *Crabill v. Trans Union, LLC*, 259 F.3d 662, 666 (7th Cir. 2001).

8.     Plaintiff seeks to enforce those policies and civil rights which are expressed through

the FDCPA, 15 U.S.C. § 1692 *et seq.*

## JURISDICTION

9.  Jurisdiction of this Court arises under 28 U.S.C. § 1331 for claims under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692k. This Court may assert supplemental jurisdiction over the state law claims under 28 U.S.C. § 1367 arising out of the same nucleus of operative facts.

10. This action arises out of Defendant's violations of the FDCPA, 15 U.S.C. § 1692 et seq., and the Michigan Regulation of Collection Practice Act, ("MRCPA") MCL 445.251 et seq or alternatively the MOC.

11. Venue is proper in this District because the harm to Plaintiff occurred in this District, Defendant has a place of business within this District and/or transacts business here.

## PARTIES

12. Plaintiff Jane Duperon (herein after "Plaintiff" or "DUPERON") is an adult natural person residing at all relevant times in Northport Michigan, Michigan.

13. Plaintiff is protected under the FDCPA from harassment, oppression, and abuse in connection with the collection of a debt.

14. Plaintiff is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

15. Plaintiff is a "consumer," "debtor" and "person" as the terms are defined and used in the MRCPA.

16. Defendant United Holdings Group LLC also known as UHG or UHG 1 LLC

("UHG") is a Delaware limited liability company with a principal address of 6400 Sheridan Dr. Ste. 138, Williamsville, NY 1422.

17. Defendant, CRAIG MANSETH (hereinafter " Manseth ") is believed to be a natural person who acts as a principle owner, shareholder and officer and otherwise employed by UHG, as a debt collector, and is operating from an address of 6400 Sheridan Dr. Ste. 138, Williamsville, NY 1422 as a collection agent and is a "debt collector" as that term is defined by 15 U.S.C. 1692a(6).

18. Manseth is also a founder, Co-Chief Executive Officer, and Chief Financial Officer of UHG.

19. Since 2017, Manseth has had managerial responsibility for UHG and has materially participated in its affairs.

20. Manseth, along with Defendants Turco and Adamo, developed UHG's business strategies and practices and oversaw UHG's workforce.

21. Defendant, JACOB ADAMO, (hereinafter "Adamo") is believed to be a natural person who acts as a principle owner, shareholder and officer and otherwise employed by UHG, as a debt collector, and is operating from an address of 6400 Sheridan Dr. Ste. 138, Williamsville, NY 1422 as a collection agent and is a "debt collector" as that term is defined by 15 U.S.C. 1692a(6).

22. Adamo is also a founder, Co-Chief Executive Officer, and Chief Operations Officer of UHG.

23. Since 2017, Adamo has had managerial responsibility for UHG and has materially

participated in its affairs.

24.     Adamo, along with Manseth and Turco, determined which debt portfolios UHG purchased.

25.     Adamo, along with Manseth and Turco determined which of its Debt Collectors collected on debt for UHG.

26.     Adamo, along with Turco, monitored its Debt Collectors' activities and FDCPA Compliance on behalf of UHG.

27.     Adamo, along with Manseth and Turco, developed UHG's business strategies and practices and oversaw UHG's workforce.

28.     Defendant, DARREN TURCO (hereinafter "TURCO") is believed to be a natural person who acts as a principle owner, shareholder and officer and otherwise employed by UHG, as a debt collector, and is operating from an address of 6400 Sheridan Dr. Ste. 138, Williamsville, NY 1422 as a collection agent and is a "debt collector" as that term is defined by 15 U.S.C. 1692a(6).

29.     Turco is a founder and Co-Chief Executive Officer of UHG.

30.     Since 2017, Turco has had managerial responsibility for UHG and has materially participated in its affairs.

31.     The principal purpose of UHG's business is collecting on consumer debt for personal, family, or household purposes.

32.     UHG bought portfolios of defaulted consumer debt worth millions of dollars for a

small fraction of their outstanding balance.

33. Many of the debts UHG purchased, collected on, and sold were for extensions of credit, such as payday loans, sub-prime credit cards, online installment loans, and auto loans.

34. UHG by and through its own employee debt collectors and/or agents attempted to collect on these debts.

35. UHG by and through its employees collectors, agents, contractors committed the forementioned violations including filing suit against consumers in improper / distant forums and using deceptive, abusive and unfair practices in the collection of consumer debt.

36. Due to the size and structure of UHG and the roles of Adamo, Manseth and Turco in operating the company, these principles knew or should have known that UHG was engaging in the violations described herein.

37. At some point Synchrony Bank / Paypal sold the Plaintiff's alleged Debt to UHG, or some other successor-in-interest, who then re-sold the Debt to UHG.

38. Through a myriad of companies, UHG and its servicer, United Holdings, purchase large portfolios of charged-off consumer debt including that of Plaintiff for pennies on the dollar.

39. Such portfolios rarely include account-level documentation, such as credit agreements signed by consumers, account notes, complete transaction history, or competent proof that the consumers owe the amount attributed to each consumer.

40. These pools of accounts are often transferred with nothing more than a CSY file or Excel spreadsheet.

41. Defendant did not have adequate documentation supporting that plaintiff owed the debt which Defendant claimed.

42. UHG and United Holdings purchase these zombie and otherwise unfounded debts as part of their pattern and practice of attempting to collect debts from unsuspecting consumers that do not remember if the debt is valid or not, so UHG can recover sums that they are not entitled to recover.

43. UHG, United Holdings, and its other collectors they place debts with are at the top of the entire country in terms of the total volume of CFPB complaints.

44. UHG and United Holdings have created a debt collection ring for purposes of engaging in unlawful and deceptive collection tactics.

45. UHG and United Holdings have profited by creating a maze of shape-shifting entities and enabled third parties to take advantage of consumers.

46. Through this debt collection ring, UHG and/or United Holdings and or the debt collectors that UHG places some of its consumer debt with, engage in unlawful and deceptive conduct, such as making false threats, and false and/or misleading statements to consumers.

47. These false statements include falsely threatening lawsuits and making false statements about credit reporting on consumers.

48. UHG thereafter placed the Plaintiff's Debt with DOBBERSTEIN LAW FIRM LLC for collection.

49. Defendant DOBBERSTEIN LAW FIRM LLC (hereinafter "DOBBERSTEIN LAW") is a Wisconsin limited liability company and is operating from an address of 225 S Executive Dr Ste 201, Brookfield, WI 53005-4257 AND is a law firm whose primary business is consumer debt collection.

50. Defendant, J. ADAM DOBBERSTEIN (hereinafter "ADAM DOBBERSTEIN") is believed to be a natural person who acts as a principle owner, shareholder and officer and otherwise employed by DOBBERSTEIN LAW, as a debt collector, and is operating from an address of 225 S Executive Dr Ste 201, Brookfield, WI 53005-4257 as a collection agent and is a "debt collector" as that term is defined by 15 U.S.C. 1692a(6).

51. Defendant, MARK J DOBBERSTEIN (hereinafter "MARK DOBBERSTEIN") is believed to be a natural person who acts as a principle owner, shareholder and officer and otherwise employed by DOBBERSTEIN LAW, as a debt collector, and is operating from an address of 225 S Executive Dr Ste 201, Brookfield, WI 53005-4257 as a collection agent and is a "debt collector" as that term is defined by 15 U.S.C. 1692a(6).

52. Defendant, RICHARD E. STUECKROTH (hereinafter "STUECKROTH") is believed to be a natural person who acts as a principle owner, shareholder and officer and otherwise employed by DOBBERSTEIN LAW, as a debt collector, and is

operating from an address of 225 S Executive Dr Ste 201, Brookfield, WI 53005-4257 as a collection agent and is a "debt collector" as that term is defined by 15 U.S.C. 1692a(6).

53. The DOBBERSTEIN LAW Defendants filed and maintained the illegal collection against Plaintiff on behalf of UHG.

54. All of these Defendants use interstate commerce and the mails in a business the principal purpose of which is the collection of debts.

55. Defendants regularly collect or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another.

56. Defendants are "debt collectors" as the term is defined and used in the FDCPA.

57. Defendants are "regulated persons" as the term is defined and used in the MRCPA, MCL 445.251(xi). Alternatively, Defendants are a "collection agency" and "licensee" as the terms are defined and used in MOC.

58. Defendants regularly file state court lawsuits seeking to collect a debt that is in default at the time of the filing of the lawsuit on behalf of its clients and therefore is a debt collector. *See Heintz v. Jenkins,* 514 U.S. 291, 299 (1995).

59. In *Heintz v. Jenkins*, 514 U.S. at 299, 115 S.Ct. 1489, 131 L.Ed.2d 395, the United States Supreme Court made clear that the FDCPA applies to "attorneys who 'regularly' engage in consumer-debt-collection activity, even when that activity consists of litigation." *See also Beler v. Blatt, Hasenmiller, Leibsker & Moore, L.L.C.,* 480 F.3d 470, 472 (7th Cir.2007).

60. In *Heintz,* 514 U.S. at 294, 115 S.Ct. 1489, 131 L.Ed.2d 395, the United States Supreme Court also held that the FDCPA "applies to the litigating activities of lawyers." Relying on that holding, federal "circuit courts have widely recognized that litigation-related conduct, including the filing of formal complaints, can give rise to claims under the Act." *Lipscomb v. The Raddatz Law Firm, P.L.L.C.*, 109 F.Supp.3d 251, 260 (D.D.C.2015).

61. During all times pertinent hereto, all Defendants directly and indirectly participated in the unlawful debt collection practices to collect an alleged debt from Plaintiff that are described in this complaint in violation of state and federal law.

62. Each defendant is a "debt collector" as that term defined in 15 U.S.C. §1692a.

## FACTUAL ALLEGATIONS

63. At all times relevant to this complaint Defendants sought to collect a "consumer" debt from the Plaintiff.

64. Plaintiff's alleged debt arose from transactions with a Creditor, PAYPAL working in conjunction with SYNCHRONY BANK, which were was for family, personal or household purposes which meets the definition of a "debt" under 15 U.S.C. § 1692a(5) as well as under the cited state statutes.

65. Plaintiff alleges her contract with PAYPAL had express/implied terms / consideration that PAYPAL would protect her private information and not allow her accounts to be compromised by PAYPAL's insufficient security and inadequate

protections.

66. PAYPAL failed to protect Plaintiff's account number information, her personal identifiers and security protocols, from hackers and/or its own employees resulting in fraudulent expenditures to Plaintiff's account which she disputed with the creditor and the defendants.

67. Defendants DOBBERSTEIN LAW FIRM LLC & J. ADAM DOBBERSTEIN, MARK J DOBBERSTEIN AND RICHARD E. STUECKROTH LAW caused to be filed on March 15, 2023, a collection lawsuit on behalf of UGH against Plaintiff (the "collection lawsuit") in the 86th District Court located at 280 Washington Street Traverse City MI 49684 seeking to collect on the Debt.

68. Defendants filed the collection lawsuit wrongfully alleging that Plaintiff owed a debt it sought to collect and falsely alleged that she resided at 4001 Oxford Dr. Leland MI 49654.

69. Plaintiff never lived at 4001 Oxford Dr. Leland MI 49654 and further denies that venue was proper in that court, affirmatively stating that she lives in Northport, Michigan which is 29 miles from the court where Defendants filed the lawsuit.

70. Defendants filed the collection lawsuit without making a proper venue investigation and / or allegation as required by the Michigan Court Rules.

71. Plaintiff has always resided at 8990 E. Kovarik Rd. Northport, MI. 49670, which is located 29 miles away from the courthouse where defendants filed its collection lawsuit, and which takes approximately 45 minutes travel time to reach.

72. At all times Plaintiff disputes the debt amount alleged owed.

73. A true and correct copy of that State Court Lawsuit with voluntary dismissal is attached hereto as **Exhibit 1**.

74. The summons and complaint filed by Defendant in the State Court Lawsuit incorrectly stated Plaintiff's residential address 4001 Oxford Dr, Leeland MI 49654.

75. On or about April 22, 2023, Defendant caused the summons and complaint to be served on Plaintiff at her residence 8990 E. Kovarik Rd. Northport, MI. 49670 showing that Defendants had knowledge of Plaintiff's true residence.

76. The FDCPA states that a debt collector may file a collection suit against a consumer only in the judicial district in which the consumer signed the contract sued upon, or in which the consumer resides at the commencement of the action, 15 U.S.C. §1692i.

77. Any contract, if any existed, was not signed or entered into in Traverse County, Michigan where the lawsuit was filed.

78. Plaintiff did not reside in Traverse County, Michigan, where Defendant filed its Lawsuit against Plaintiff nor at any other time.

79. When Defendant filed the state court lawsuit against DUPERON, a simple search of DUPERON's name and social security number, using any number of commercially available search engines, such as www.accurint.com. would readily have disclosed that DUPERON was then residing in Northport, Michigan, and had been residing in there for many years.

80. When Defendant filed the State Court Lawsuit against Plaintiff, a review of any number of commercially available maps would readily have disclosed that Plaintiff was then residing in Northport Michigan which located more than 29 miles from Grand Traverse County.

81. When Defendant filed the State Court Lawsuit against Plaintiff, a telephone call to the Grand Traverse County Department of Equalization and Mapping would have disclosed that Plaintiff 's residential street address was not located in Grand Traverse County, Michigan.

82. Defendant failed to maintain procedures reasonably adapted to avoid filing suit against Plaintiff in the wrong judicial district.

83. Defendant failed to follow procedures, reasonably adapted to avoid filing suit against Plaintiff in the wrong judicial district.

84. When Defendant filed the State Court Lawsuit against Plaintiff, Defendant had no legitimate reason to believe that any contract upon which the lawsuit was based was signed or authorized by Plaintiff in Grand Traverse County, Michigan.

85. Defendant filed its collection lawsuit against Plaintiff in the wrong judicial district and violated the FDCPA, including but not limited to, 15 U.S.C. §1692i.

86. At the time the Complaint was filed, Plaintiff did not have a legally enforceable obligation to pay the Debt.

87. At the time the Complaint was filed, Defendant did not have a legally enforceable right to collect a Debt from Plaintiff.

88. **15 U.S. C § 1692e,** in pertinent part, provides:

A debt collector many not use any false, deceptive, or misleading representation or means in connection with the collection of any debt.     Without limiting the general application of the foregoing, the following conduct is in violation of this section:

* * *

(2) The false representation of –

(A) the character, amount, or legal status of any debt…

* * *

(5) The threat to take any action that cannot legally be taken or that is not intended to be taken…

* * *

(10) The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer.

**15 U.S. C § 1692f,** in pertinent part, provides:

A debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt.  Without limiting the general application of the foregoing, the following conduct is a violation of this section:

***

(1) Attempt to collect any amount not authorized by the agreement creating the debt or permitted by law

89. Defendants' conduct related to the state court matter violated 15 U.S.C § 1692 e(2)(A), e(5) and e(10).

90. 15 U.S.C § 1692f provides in part that, "A debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt."

91. Defendant is liable for the acts and omissions of their employees done in connection with efforts to collect a debt from Plaintiff.

92. The acts of Defendant done in connection with efforts to collect the Debt were done intentionally and willfully.

93. Defendant intentionally and willfully violated the FDCPA and MRCPA

94. As a result of the facts alleged above, Plaintiff suffered damages, including actual damages and emotional distress.

## JURY DEMAND

95. PLAINTIFF is entitled to and requests a trial by jury. US Const. amend. 7. Fed.R.Civ.P. 38.

## COUNT I

## Violations of the Fair Debt Collection Practices Act

## 15 U.S.C. § 1692 et Seq.

96. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

97.  The foregoing acts and omissions of Defendant constitute violations of the FDCPA including, but not limited to, each and every one of the below cited provisions of the FDCPA, 15 U.S.C. § 1692 et seq.

a.  The filing of legal actions against consumers in a judicial district/venue in which a consumer did not contract to receive the services in question or where the consumer did not reside at the commencement of the action in question in violation of 15 U.S.C. § 1692i.

b.  § 1692d. Any conduct the natural consequence of which is to harass, oppress, or abuse any person in violation of 15 U.S.C. § 1692d.

c.  § 1692e Any other false, deceptive, or misleading representation or means in connection with the debt collection.

d.  The threat to take action that cannot be legally taken in violation of 15 U.S.C. § 1692e(5).

e.  The utilization of false and deceptive means to collect or to attempt to collect a debt in violation of 15 U.S.C. § 1692(e)(10).

f.  Any unfair or unconscionable means to collect or attempt to collect the alleged debt in violation of § 1692f.

g.  § 1692f(1). Attempt to collect any amount not authorized by the agreement creating the debt or permitted by law.

98. As a result of Defendant's violations of the FDCPA, Plaintiff is entitled to actual damages pursuant to 15 U.S.C. § 1692k(a)(1); statutory damages in an amount up to $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A); and reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3).

## COUNT II

### Violations of the Michigan Regulation of Collection Practices Act

99. Plaintiff incorporates the preceding allegations by reference.

100. Defendants and its employees/agents are "regulated persons" as defined by MCL 445.251(g)(xi) in the Michigan Regulation of Collections Practices Act ("MRCPA") MCL 445.251, et seq.

101. Plaintiff is a person whom the act was intended protect, MCL 445.251(d).

102. Defendant's foregoing acts in attempting to collect this debt against Plaintiff constitute violations of the Michigan Regulation of Collections Practices Act.

103. Defendant's violations of the MCPA include, but are not necessarily limited to, the following:

   a. Defendant violated M.C.L. § 445.252(a) by communicating with a debtor in a misleading or deceptive matter;

   b. Defendant violated M.C.L. § 445.252(e) by making an inaccurate, misleading, untrue or deceptive statement or claim in a communication to collect a debt;

   c. Defendant violated M.C.L. § 445.252(f) by misrepresenting in a communication with a debtor the following: (*i*) The legal status of a legal

action being taken or threatened, and (*ii*) The legal rights of the creditor or debtor;

d.      Defendant violated M.C.L. § 445.252(n) by using a harassing, oppressive, or abusive method to collect a debt.

e.      Defendant violated M.C.L. § 445.252(q) failing to implement a procedure designed to prevent a violation by an employee.

104.   Defendant's violations of the Michigan Regulation of Collections Practices Act were willful.

105.   Plaintiff has suffered actual damages as a result of these willful violations of the Michigan Regulation of Collections Practices Act.

106.   Defendant's violations of the Michigan Regulation of Collections Practices Act were willful.

107.   Alternatively Defendant violated the similar provision of the MOC if they are determined to debt collectors as defined by the MOC.

## CLASS ALLEGATIONS

108.   Plaintiff defines the following classes pursuit to Fed. R. Civ. P. 23(a) and (b)(2).

a.      Class 1. All natural persons who were sued by one or more of the defendants for collection of a debt where defendants filed the lawsuit in a forum / venue where neither the contract was signed nor the consumer resided at the time of commencement of the collection lawsuit.

b.      Class 2. All individuals sued by one or more of the defendants in the

state of Michigan for collection of a debt where defendants filed the lawsuit in a forum / venue where neither the contract was signed, nor the consumer resided at the time of commencement of the collection lawsuit.

109. On information and belief, each class is so numerous that joinder of all members is impractical.  Plaintiff alleges on information and belief that there are more than 40 members of each of the classes defined above.

110. There are questions of law and fact common to the class that predominate over any questions affecting only individual class members.  The predominant common question is whether Plaintiff and the class members were sued by Defendants for collection of a debt where Defendants working in concert filed the lawsuit in a forum / venue where neither the contract was signed, nor the defendant resided at the time of commencement of the collection lawsuit.

111. Plaintiff will fairly and adequately protect the interests of the class.  Plaintiff has retained legal counsel experienced in handling class actions brought under the FDCPA.

112. A class action is an appropriate method for the fair and efficient adjudication of this controversy.

## DEMAND FOR JUDGMENT FOR RELIEF

**WHEREFORE**, Plaintiff prays that judgment be entered against Defendant.

**COUNT I**

**<u>Violations of the Fair Debt Collection Practices Act 15 U.S.C. § 1692 et seq.</u>**

- for an award of actual damages pursuant to 15 U.S.C. § 1692k(a)(1) against Defendant and for Plaintiff ;

- for an award of statutory damages of $1,000.00 pursuant to 15 U.S.C. §1692k(a)(2)(A) against Defendant and for Plaintiff;

- for an award of costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3) against Defendant and for Plaintiff;

**COUNT II**

**<u>Violations of the Michigan Regulation of Collection Practices Act</u>**

- for an award of actual, treble, punitive and statutory damages from Defendant for the emotional distress suffered as a result of the Michigan Regulation of Collection Practices Act violations in an amount to be determined at trial and for Plaintiff;

- reasonable attorney's fees and court costs pursuant to M.C.L. § 445.257; and

- for such other and further relief as may be just and proper.

**WHEREFORE,** Plaintiff requests this Honorable court to enter judgment for Plaintiff and against Defendants for:

a.  Actual damages for items including emotional distress, mental anguish, frustration, humiliation, and embarrassment.

b.  Statutory damages.

c.   Treble damages as provided for under the state laws cited herein.

d.   Statutory costs and attorney fees.

e.   Equitable relief for the class pursuant to MCL 445.257 in the form of an injunction prohibiting Defendants from filing collection lawsuits in distant forums /improper venues, filing time barred lawsuits and communicating with debtors in a misleading or deceptive manner.

f.   Class certification.

g.   Such other or further relief as this Court deems proper.


Dated: March 13, 2024                    Respectfully submitted,



REX ANDERSON, PC


/s/ *Rex C. Anderson*
Rex C. Anderson, Attorney for Plaintiff
9459 Lapeer Rd. Ste. 102
Davison MI 48423
(810) 625-5683
rex@rexandersonpc.net
(P47068)